UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA ESTHER OYOLA, WAI HAN LAU, NGANCHEN L. MAR, LOVELL ROBINSON and ERIC LURVEY,<br><br>Plaintiffs,<br><br>v.<br><br>GABRIELLA CADENA, LLC, GABRIELA CADENA FASHIONS, LLC, GABRIELA CADENA, VIDAL ENRIQUE CADENA MARIN, and JOHN DOES 1-10, and ABC CORPS. 1-10,<br><br>Defendants. | Case No. 13 Civ. 04492 (VSB) |

**DEFENDANT VIDAL ENRIQUE CADENA MARIN'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

ANDREW C. HALL, Esq.  (Florida Bar No.: 111480)
(admission *pro hac vice* pending)
HALL, LAMB AND HALL, P.A.
2665 S. Bayshore Drive, PH 1
Miami, Florida 33133
Tel.: 305-374-5030  Fax: 305-374-5033
andyhall@hlhlawfirm.com

Steven E. Rosenfeld, Esq. (SER-5961)
LAW OFFICES OF STEVEN E. ROSENFELD, P.C.
767 Third Avenue, 30th Floor
New York, New York 10017
Tel.: (212) 953-1600 Fax: (212) 953-1801
steven@lawrosenfeld.com

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii, iii

INTRODUCTION ...................................................................................................................... 1

1     PURSUANT TO RULE 12(B) (5), THE ACTION AGAINST DEFENDANT VIDAL ENRIQUE CADENA SHOULD BE DISMISSED FOR WANT OF PERSONAL JURISDICTION........................................................... 2

2     THE COMPLAINT IS SUBJECT TO DISMISSAL FOR LACK OF PERSONAL JURISDICTION UNDER A THEORY OF EITHER GENERAL JURISDICTION OR SPECIFIC JURISDICTION ................................. 5

3     PLAINTIFFS' COMPLAINT IS FURTHER SUBJECT TO DISMISSAL BECAUSE MR. CADENA CANNOT BE HELD LIABLE IN AN INDIVIDUAL CAPACITY FOR THE ACTS OF THE DEFENDANT LLCs, OF WHICH HE IS NOT A MEMBER ................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                                         **Page(s)**

*Audiovox Corp. v. South China Enterprise, Inc.*,
2012 WL 3061518 (E.D.N.Y. July 26, 2012) ................................................................. 6

*Barrett v. Tema Development (1988), Inc.*,
251 Fed.Appx. 698 (2d Cir. 2007) ................................................................................. 8

*Bernardo v. Barrett*,
87 A.D.2d 832, 449 N.Y.S.2d 272 (2d Dep't 1982) ...................................................... 4

*Biological Concepts, Inc. v. Rudel*,
159 A.D.2d 32, 558 N.Y.S.2d 312 (3d Dept. 1990) ...................................................... 3

*Burda Media, Inc. v. Viertel*,
417 F.3d 292 (2d Cir. 2005) .......................................................................................... 2

*Burkhardt v. Cuccuza*,
81 A.D.2d 821, 438 N.Y.S.2d 594 (2d Dept. 1981) ...................................................... 4

*Currency Conversion Fee Antitrust Litig.*,
265 F.Supp.2d 385, 426 (S.D.N.Y. 2003) ................................................................... 12

*De Sole v. Knoedler Gallery, LLC*,
2013 WL 5452669 (S.D.N.Y. Sept. 20, 2013) ................................................... 9, 10, 11

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
228 F.R.D. 508 (S.D.N.Y. 2005) ............................................................................ 11, 12

*El Greco Society of Visual Arts v. Diamantidis*,
47 A.D.3d 929, 852 N.Y.S.2d 165 (2d Dept. 2008) ...................................................... 4

*Family Finance Corp. v. Canuelas*,
94 Misc.2d 241, 404 N.Y.S.2d 248 (Civ. Ct. NY. Cnty. 1978) ..................................... 3

*Federal Home Loan Mortg. Corp. v. 666 St. Nicholas Associates*,
1995 WL 628998 (S.D.N.Y. 1995) ................................................................................ 3

*Feinstein v. Bergner*,
48 N.Y.2d 234, 239, 397 N.E.2d 1161, 1163, 422 N.Y.S.2d 356, 358 (N.Y. 1979) ......... 4

*F.I. duPont, Glore, Forgan & Co. v. Chen*,
41 N.Y.2d 794, 364 N.E.2d 1115, 396 N.Y.S.2d 343 (N.Y. 1977) ................................ 3

*Grammas v. Lockwood Assocs., LLC,*
   95 A.D.3d 1073, 1074-75 (2d Dept. 2012) ................................................. 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
   131 S.Ct. 2846, 2854-55 (2011) ............................................................... 6

*Khan v. Khan,*
   360 Fed.Appx. 202, 203 (2d Cir. 2010) ...................................................... 4

*Matias v. Mondo Props. LLC,*
   43 A.D.3d 367, 367-68 (1st Dept. 2007) ..................................................... 9

*Methyl Tertiary Butyl Ether Prod. Liab. Litig.,*
   399 F.Supp.2d 325, 330 (S.D.N.Y. 2005) ................................................... 6

*McCormack v. Goldstein,*
   204 A.D.2d 121, 611 N.Y.S.2d 185 (1st Dep't 1994) .................................. 3

*McDonald v. Aerosol Research Co.,*
   22 N.Y.2d 11, 238 N.E.2d 726, 291 N.Y.S.2d 328 (1968) ....................... 4, 7

*Morris v. New York State Dep't of Taxation and Fin.,*
   82 N.Y. 2d 135, 141 (N.Y. 1993) ............................................................. 11

*Penguin Grp. (USA) Inc. v. Am. Buddha,*
   609 F.3d 30, 34 (2d Cir. 2010) .................................................................. 6

*Quebecor World (USA), Inc. v. Harsha Associates, LLC,*
   455 F.Supp. 2d 236, 244 (W.D.N.Y. 2006) ........................................... 10, 11

*Reliance Audio Visual Corp. v. Bronson,*
   534 N.Y.S.2d 313, 315 (N.Y. City Civ. Ct. 1988) ....................................... 3

*Retropolis, Inc. v. 14th St. Dev. LLC,*
   17 A.D.3d 209, 210 (1st Dept. 2005) ......................................................... 9

*Shultz v. Sunlife Assur. Co. of Canada,*
   2005 WL 1593705 (N.D.N.Y. June 30, 2005) ............................................ 7

*Sunward Electronics, Inc. v. McDonald,*
   362 F.3d 17, 23 (2d Cir. 2004) .................................................................. 7

*TNS Holdings, Inc. v. MKI Secs. Corp.,*
   92 N.Y.2d 335, 339 (N.Y. 1998) .............................................................. 11

| **Statutes** | **Page(s)** |
|---|---|
| CPLR § 308 | 3, 5 |
| CPLR § 308(2) | 2, 3, 5 |
| N.Y. L.L.C. L. § 609(a) | 9 |
| Rule 4 of the Federal Rules of Civil Procedure | 5 |
| Rule 4(e) of the Federal Rules of Civil Procedure | 2 |
| Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure | 2 |
| Rule 8(a) of the Federal Rules of Civil Procedure | 12 |
| Rule 12(b)(2) of the Federal Rules of Civil Procedure | 6 |
| Rule 12(b)(5) of the Federal Rules of Civil Procedure | 2 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA ESTHER OYOLA, WAI HAN LAU, NGANCHEN L. MAR, LOVELL ROBINSON and ERIC LURVEY,<br><br>Plaintiffs,<br><br>v.<br><br>GABRIELLA CADENA, LLC, GABRIELA CADENA FASHIONS, LLC, GABRIELA CADENA, VIDAL ENRIQUE CADENA MARIN, and JOHN DOES 1-10, and ABC CORPS. 1-10,<br><br>Defendants. | Case No. 13 Civ. 04492 (VSB) |

**DEFENDANT VIDAL ENRIQUE CADENA MARIN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

*Introduction*

In the immediate action, Plaintiffs assert causes of action for alleged failure to pay regular wages and overtime based on their work for Defendant entities Gabriela Cadena, LLC, and Gabriela Cadena Fashions, LLC. In addition, and despite the LLC form, Plaintiffs assert these same claims against Gabriela Cadena ("Ms. Cadena"), and her father, Vidal Enrique Cadena Marin ("Mr. Cadena"). As described below, the Complaint should be dismissed as to Mr. Cadena in its entirety, given that: (1) Mr. Cadena has not been properly served, and personal jurisdiction therefore cannot be exercised by the Court; (2) even aside from service, the Court lacks personal jurisdiction under both general and specific jurisdictional theories; and (3) Mr. Cadena cannot be held individually liable for the obligations of the LLC entities – of which he is

neither a member nor an officer – where Plaintiffs have not and cannot allege facts that would support any piercing of the corporate veil.

### 1. Pursuant to Rule 12(b)(5), the Action Against Defendant Vidal Enrique Cadena Should Be Dismissed for Want of Personal Jurisdiction

It is beyond cavil that where a defendant moves to dismiss a cause of action based upon Rule 12(b)(5), the plaintiff bears the burden of proving adequate service. *Burda Media, Inc. v. Viertel*, 417 F.3d 292 (2d Cir. 2005).

Rule 4(e) provides, in pertinent part, as follows:

> Unless federal law provides otherwise, an individual…may be served in a judicial district of the United States by:
>
> > (1) Following state law for serving a summons in an action in the state where the district court is located or where service is made; or
> >
> > (2) Doing any of the following
> > …
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there….

F.R.C.P. 4(e).

In the case at bar, Plaintiffs' alleged service upon Mr. Cadena fails under Rule 4(e)(2)(B), inasmuch as plaintiffs' process server effectuated service upon a doorman and the doorman does not reside at the residence served. Thus, the only question here is whether Plaintiffs' purported service suffices under the relevant New York State's service statute, to wit: CPLR § 308(2). CPLR § 308(2) provides that personal service may be effectuated by the following method:

> By delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an

attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other….

N.Y.C.P.L.R. § 308(2)(McKinney's 2013).

It is well established that a stairway or public hall of an apartment building is not a dwelling place or abode as defined by CPLR § 308. *Family Finance Corp. v. Canuelas*, 94 Misc.2d 241, 404 N.Y.S.2d 248 (Civ. Ct. NY. Cnty. 1978). Hence, generally, service under CPLR § 308(2) requires service at the apartment where the person to be served resides. *Id*; *McCormack v. Goldstein*, 204 A.D.2d 121, 611 N.Y.S.2d 185 (1st Dep't 1994). The Court has allowed an exception to the general rule and permitted service upon a doorman when the process server is not permitted to proceed to the actual apartment. *F.I. duPont, Glore, Forgan & Co. v. Chen*, 41 N.Y.2d 794, 364 N.E.2d 1115, 396 N.Y.S.2d 343 (N.Y. 1977); *Federal Home Loan Mortg. Corp. v. 666 St. Nicholas Associates*, 1995 WL 628998 (S.D.N.Y. 1995). However, the process server must make more than minimal efforts to reach the actual apartment in order for the Court to deem service upon the doorman sufficient service. *Federal Home Loan Mortg. Corp.*, 1995 WL 628998; *Biological Concepts, Inc. v. Rudel*, 159 A.D.2d 32, 558 N.Y.S.2d 312 (3d Dept. 1990).

> When, within a building, a process server is barred from reaching defendant's apartment, the outer bounds of a person's dwelling place constructively expand and the server, may, for example, leave process with a doorman or person of responsibility in relation to the building, provided this person is of suitable age and discretion. *duPont, Glore Forgan & Co. v. Chen*, 396 N.Y.S.2d 343, 346 (N.Y. 1977). When the server is free to proceed to the defendant's actual apartment and fails to do so, however, even delivery to a doorman is improper. *McCormack v. Goldstein*, 611 N.Y.S.2d 185, 186 (N.Y. App. Div. 1st Dept. 1994); *see also, Reliance Audio Visual Corp. v. Bronson*, 534 N.Y.S.2d 313, 315 (N.Y. City Civ. Ct. 1988). Furthermore, a process server must make more than minimal efforts for a court to deem satisfactory an alternate means of service. *Biological Concepts, Inc. v. Rudel*, 558 N.Y.S.2d 312, 313 (N.Y. App. Div. 3d Dept. 1990).

*Federal Home Loan Mortg. Corp.*, 1995 WL 628998.

"The terms 'actual dwelling place' and 'usual place of abode' imply a degree of permanence and stability." *Bernardo v. Barrett*, 87 A.D.2d 832, 449 N.Y.S.2d 272, 273 (2d Dep't 1982), (citing *Feinstein v. Bergner*, 48 N.Y.2d 234, 239, 397 N.E.2d 1161, 1163, 422 N.Y.S.2d 356, 358 (N.Y. 1979)); *El Greco Society of Visual Arts v. Diamantidis*, 47 A.D.3d 929, 852 N.Y.S.2d 165 (2d Dept. 2008). The Second Circuit has likewise held that in order for a residence to be considered one's dwelling place or usual place of abode, there must be "sufficient indicia of permanence." *Khan v. Khan*, 360 Fed.Appx. 202, 203 (2d Cir. 2010). "A casual stay at a given location will not suffice." *Bernardo*, 87 A.D.2d 832, 449 N.Y.S.2d 272, 273, (citing *Burkhardt v. Cuccuza*, 81 A.D.2d 821, 438 N.Y.S.2d 594 (2d Dept. 1981)).

Further, whether the defendant ultimately received notice by the faulty service is irrelevant, "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the Court." *Feinstein*, 48 N.Y.2d 234, 242, 397 N.E.2d 1161, 1164, 422 N.Y.S.2d 356, 359-360; *McDonald v. Aerosol Research Co.*, 22 N.Y.2d 11, 238 N.E.2d 726, 291 N.Y.S.2d 328 (1968).

In the case at bar, the alleged service upon Defendant Mr. Cadena was improper for two reasons, to wit: (1) the process server improperly served the doorman without trying to obtain access to the specific apartment to be served; and (2) Apartment 24D is not Mr. Cadena's dwelling place or usual place of abode.

The supplemental affidavit of service, attached hereto as Exhibit A, makes no claims as to whether the process server requested access to Apartment 24D and that such access was refused. Indeed, upon information and belief, the process server did not request access to Apartment 24D. Thus, on this basis alone, it is manifest that service was improper. Hence, the action against Mr. Cadena should be dismissed for want of personal jurisdiction.

Moreover, plaintiffs' attempted service of Mr. Cadena at Apartment 24D pursuant to CPLR § 308(2), fails inasmuch as Apartment 24D is not now, nor has it ever been, Mr. Cadena's dwelling place or usual place of abode. *See* V. Cadena Affidavit ¶¶ 7-8, attached hereto as Exhibit B. As is more fully detailed in Mr. Cadena's accompanying affidavit, Apartment 24D is the residence of his daughter, Gabriela Cadena, who is also a Defendant to this lawsuit. *See* V. Cadena Affidavit ¶ 7. Mr. Cadena may have co-signed the initial lease (now expired) for Apartment 24D so that his daughter could obtain the apartment, however, he did not sign the extension of same, nor has he ever visited Apartment 24D. V. Cadena Affidavit ¶¶ 7-11. In fact, Mr. Cadena is a citizen of Ecuador who spends approximately 130-160 days per year in Miami using a joint B1/B2 Visa. V. Cadena Affidavit ¶¶ 2-4. Mr. Cadena spends less than 30 days each year in New York, no more than 2 or 3 days at a time, stays in a hotel, and spends the majority of his time in his residence in Miami. V. Cadena Affidavit ¶¶ 3, 12-13.

Mr. Cadena respectfully submits that service upon the doorman at his daughter's apartment, which he has never visited, based solely upon the fact that he once signed a now expired lease for same on his daughter's behalf, does not constitute good and sufficient service as required under Rule 4 or CPLR 308. The requisite indicia of permanence and stability necessary to establish Apartment 24D as Mr. Cadena's dwelling place is non-existent here. Therefore, Mr. Cadena respectfully submits that this Court did not obtain personal jurisdiction over him through service at his daughter's apartment, and the complaint against him should be dismissed accordingly.

2. **The Complaint Is Subject to Dismissal for Lack of Personal Jurisdiction Under A Theory of Either General Jurisdiction or Specific Jurisdiction**

In their Complaint, Plaintiffs contend that Mr. Cadena, along with his daughter and the unidentified "John Doe" and "ABD Corps." Defendants, is subject to jurisdiction "insofar as at

least one of the Defendants resides within this Judicial District, and ... insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial Distrct." Complaint ¶ 46. While the Complaint does not specify whether Plaintiffs intend to proceed under a theory of general jurisdiction or specific jurisdiction with respect to Mr. Cadena, the law is clear that neither of the approaches allows for the exercise of jurisdiction over Mr. Cadena. As a result, the Complaint is subject to dismissal for lack of personal jurisdiction.

Under Federal Rule 12(b)(2), the Plaintiff has the burden of demonstrating personal jurisdiction over the person being sued. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). When personal jurisdiction is contested, the Court may resolve a motion to dismiss: on the basis of affidavits submitted by the parties, on discovery conducted in aid of the motion, or through an evidentiary hearing on the merits of the motion. *See Audiovox Corp. v. South China Enterprise, Inc.* 2012 WL 3061518, at *2 (E.D.N.Y. July 26, 2012).

Plaintiffs have failed to meet their burden, and Mr. Cadena challenges the suit based on this lack of personal jurisdiction. Should Plaintiffs wish to pursue the suit against Mr. Cadena any further, it will become necessary to establish personal jurisdiction over Mr. Cadena. At a minimum, this will involve a showing through "affidavits and supporting materials, containing [a] [good faith] averment of facts that, if credited ..., would suffice to establish jurisdiction over the defendant." *Id.* (quoting *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 399 F.Supp.2d 325, 330 (S.D.N.Y. 2005). As there is absolutely no factual basis for Plaintiffs' allegations, and because Mr. Cadena does not reside in New York (as addressed *supra*), Mr. Cadena contends that Plaintiffs shall be unable to do so.

Recently, in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2854-55 (2011), the United States Supreme Court made clear the requirements for asserting "all-purpose"

general jurisdiction based on sufficient "continuous and systematic" contacts within a state. The Court stated: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* As Mr. Cadena has established through his affidavit, he is domiciled in Florida and has never resided in the State of New York. V. Cadena Affidavit ¶¶ 8-9. As such, a New York District Court will be unable to exercise general jurisdiction over Mr. Cadena.

The Court is similarly unable to exercise personal "long-arm" jurisdiction over Mr. Cadena based on the events alleged within the Complaint. First, Mr. Cadena is not affiliated with the corporate entities sued in the Complaint, is not responsible for any of the acts alleged in this action, and therefore cannot be subject to personal jurisdiction for specific acts which he did not commit. V. Cadena Affidavit ¶¶ 18-21.

Second, Mr. Cadena's only contact with the forum state around the dates alleged in the Complaint was for the purpose of pleasure-related travel and for conducting limited business transactions within the state that bear no relation to the corporate entities sued in this action. Given Mr. Cadena's limited and unrelated exposure to the forum state, personal jurisdiction for the acts alleged by Plaintiffs cannot be premised on these insufficient contacts. *See, e.g., Shultz v. Sunlife Assur. Co. of Canada*, 2005 WL 1593705 (N.D.N.Y. June 30, 2005) (dismissing complaint for lack of personal jurisdiction where defendant's contacts with forum were insufficient to satisfy statutory and due process requirements).

Further, personal jurisdiction based on a defendant's transaction of business in New York can only be found "when there exists an articulable nexus or a substantial relationship between transactions occurring within the state and the cause of action sued upon." *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 23 (2d Cir. 2004). As noted above, none of Mr. Cadena's

contacts with the forum state bear any relationship to the cause of action sued upon. Because the Complaint's allegations are insufficient to establish a substantial nexus between Mr. Cadena's limited transactions within the state and the causes of action being sued upon, the Complaint is subject to dismissal. *See, e.g., Barrett v. Tema Development (1988), Inc.*, 251 Fed.Appx. 698 (2d Cir. 2007) (affirming dismissal for lack of personal jurisdiction regardless of whether the defendant transacted business in New York where plaintiff's claims did not establish a substantial nexus between the defendant's business-related actions and the cause of action sued upon).

    3. **Plaintiffs' Complaint is Further Subject to Dismissal Because Mr. Cadena Cannot Be Held Liable in an Individual Capacity for the Acts of the Defendant LLCs, of Which He Is Not a Member**

Even if the Court could exercise personal jurisdiction over Mr. Cadena, the Complaint remains subject to dismissal for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). In the Complaint, Plaintiffs acknowledge that they were each "employed by the Cadena companies," referring to Gabriela Cadena, LLC, and Gabriela Cadena Fashions, LLC. Complaint ¶¶ 6, 9, 12, 15. While Plaintiffs thereby concede that they did not perform work for either Ms. Gabriela Cadena or Mr. Cadena in an individual capacity, Plaintiffs nevertheless attempt to hold Mr. Cadena and Ms. Cadena individually liable under an alter ego theory. *See, e.g.,* Complaint ¶ 35 ("Upon information and belief, at all relevant times, the Cadena companies were and are alter egos of Mr. [Cadena] Marin"). However, Plaintiffs have not – *and cannot* – plead facts that would enable them to enable them to assert individual liability against either of the Cadena Defendants, particularly where, as here, Mr. Cadena is not a member of either LLC Defendant. *See* V. Cadena Affidavit ¶¶ 18-21. As a result, and even taking Plaintiffs' (inaccurate) allegations as true, the Complaint must be dismissed with regard to Mr. Cadena.

New York law makes clear that "[n]either a member of a limited liability company, a manager of a limited liability company managed by a manager or managers nor an agent of a limited liability company (including a person having more than one such capacity) is liable for any debts, obligations or liabilities of the limited liability company or each other, whether arising in tort, contract or otherwise, solely by reason of being such member, manager or agent or acting (or omitting to act) in such capacities or participating (as an employee, consultant, contractor or otherwise) in the conduct of the business of the limited liability company." N.Y. L.L.C. L. § 609(a). As a result, "[a] member of a limited liability company cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof." *Matias v. Mondo Props. LLC*, 43 A.D.3d 367, 367-68 (1st Dept. 2007) (quoting *Retropolis, Inc. v. 14th St. Dev. LLC*, 17 A.D.3d 209, 210 (1st Dept. 2005)).

"However, a party may seek to hold a member of an LLC individually liable despite this statutory proscription by application of the doctrine of piercing the corporate veil." *Grammas v. Lockwood Assocs., LLC*, 95 A.D.3d 1073, 1074-75 (2d Dept. 2012). "In order to state a viable cause of action under the doctrine of piercing the corporate veil, a 'plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation [or LLC] and abused the privilege of doing business in the corporate [or LLC] form to perpetrate a wrong or injustice." *De Sole v. Knoedler Gallery, LLC*, 2013 WL 5452669, at *18, n.12 (S.D.N.Y. Sept. 20, 2013) (modification in original) (internal quotation omitted).

As this Court recently instructed in *De Sole*, "[f]actors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to LLC formalities, inadequate capitalization, commingling of assets, and the personal use of LLC funds." *Id.* (quoting *Grammas*, 95 A.D.3d at 1075). Where

such factors are not adequately pled and cannot be proven, the complaint is subject to dismissal against a personal defendant. *See De Sole*, 2013 WL 5452669 at *18 (dismissing complaint against LLC's sole member where allegations were not sufficient to assess individual liability against defendant).

For example, in *Quebecor World (USA), Inc. v. Harsha Associates, LLC*, 455 F.Supp. 2d 236, 244 (W.D.N.Y. 2006), the plaintiff sought to assert individual liability against the "single member and manager" of defendant entity, Harsha Associates, LLC, with regard to a contract that was executed by the individual member on behalf of the LLC. While the *Quebecor World* plaintiff proceeded under an alter ego theory, the Court noted that the complaint "simply alleges in conclusory form that 'Mark Harsha is legally responsible for the obligations of one or more of the defendants,' and repeats several variations of that allegation." *Id.* at 244 (internal citation omitted). The plaintiff also argued that the member/manager defendant "was the person who made the decision to terminate the printing contract" that formed the basis for the complaint. *Id.* Rejecting this argument, the Court stated: "That in itself, of course, is not enough; if it were, it would defeat one of the beneficial purposes for forming an LLC, that is, to shield its individual members from personal liability for the acts of the LLC." *Id.* Responding to defendant's motion to dismiss, the plaintiff continued to argue that the LLC was operated by the individual defendant as a shell entity, thus trying to pierce the corporate veil on these grounds. *Id.* However, the Court concluded that plaintiff's arguments – even if taken as true – were not enough to subject the member/manager defendant to personal liability under the contract. *Id.* The Court in turn dismissed the action against the individual, and permitted the action to proceed against the limited liability company. *Id.*

Like the plaintiff in *Quebecor World*, Plaintiffs in the instant matter have alleged in conclusory form that "the Cadena companies were and are alter egos of Mr. [Cadena] Marin." Complaint ¶ 35. Yet nowhere in the Complaint do Plaintiffs allege facts to "indicate that the shareholder exercised complete domination and control over the corporation [or LLC] and abused the privilege of doing business in the corporate [or LLC] form to perpetrate a wrong or injustice." *De Sole*, 2013 WL 5452669, at *18, n.12 (dismissing complaint against individual member of LLC for failure to adequately plead or establish individual liability). For example, nowhere do Plaintiffs allege any interaction with Mr. Cadena at all, despite their conclusory allegation that "Mr. [Cadena] Marin exercised close control over the managerial operations of the Cadena companies." Complaint ¶ 34. Tellingly, not one of the Complaint's general allegations provides any detail whatsoever as to actions undertaken by Mr. Cadena—instead, every factual allegation making reference to an individual relates solely back to Ms. Cadena.[1]

Moreover, none of the allegations suggest that Mr. Cadena abused the LLC form to perpetrate a wrong. Under New York law, however, a party seeking to pierce the corporate veil must generally show that: "(1) the owners exercised a complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (quoting *Matter of Morris v. New York State Dep't of Taxation and Fin.*, 82 N.Y. 2d 135, 141 (N.Y. 1993). As the Southern District recognized in *EED Holdings*, "[t]he New York Court of Appeals has held that both of these elements must be established in order to justify application of the veil-piercing doctrine." 228 F.R.D. at 512. *See also TNS Holdings, Inc. v. MKI Secs. Corp.*, 92 N.Y.2d 335, 339 (N.Y.

---

[1] This is unsurprising given that Mr. Cadena is not a member of either LLC.  *See* V. Cadena Affidavit at ¶¶ 18-21.

1998) ("Evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance."). Furthermore, "[t]o avoid dismissal, a party seeking application of the doctrine must come forward with factual allegations as to both elements of the veil-piercing claim." *EED Holdings*, 228 F.R.D. at 512.

Because the instant Plaintiffs have failed to so much as allege that the LLC form was used to perpetrate a fraud or wrong, their Complaint against Mr. Cadena is subject to dismissal. *See, e.g., EED Holdings*, 228 F.R.D. 508 (dismissing amended complaint with prejudice where plaintiff failed to adequately allege that corporate form was used for personal gain so as to commit a fraud or wrongdoing); *see also In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d 385, 426 (S.D.N.Y. 2003) (stating that "purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard" of Rule 8(a)).

WHEREFORE, Defendant Vidal Enrique Cadena Marin respectfully requests that this Court dismiss this Complaint in its entirety for lack of personal jurisdiction over Mr. Cadena, and for failure to state a claim upon which relief may be granted.

Respectfully submitted,

HALL, LAMB AND HALL, P.A.
2665 S. Bayshore Drive, PH 1
Miami, Florida 33133
Tel.:   305-374-5030
Fax:   305-374-5033

By: s:/ *Andrew C. Hall*
ANDREW C. HALL*
Florida Bar No.: 111480
andyhall@hlhlawfirm.com
(admission *pro hac vice* pending)

LAW OFFICES OF STEVEN E. ROSENFELD, P.C.
767 Third Avenue, 30th Floor
New York, New York 10017
Tel.: (212) 953-1600 ext. 1
Fax: (212) 953-1801

By: _____
Steven E. Rosenfeld, Esq. (SER-5961)
steven@lawrosenfeld.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2014, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF.

By: _/s/ Steven E. Rosenfeld_____
Steven E. Rosenfeld, Esq. (SER-5961)