```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   OYOLA, ET AL.,
 4              Plaintiffs,
 5         v.                         13 CV 4492 (VSB)
 6   GABRIELA CADENA LLC, ET AL.,
 7              Defendants.
 8   ------------------------------x
                                     New York, N.Y.
 9                                   April 30, 2014
                                     2:30 p.m.
10
     Before:
11
                     HON. VERNON S. BRODERICK,
12
                                          District Judge
13
                            APPEARANCES
14
     MEYERS FRIED GRODIN, LLP
15        Attorneys for Plaintiffs Oyola
     BY:  JONATHAN MEYERS
16
     GREENBERG TRAURIG, LLP
17        Attorneys for Defendants Cadena LLC
     BY:  ERIC B. SIGDA
18
     LAW OFFICES OF STEVEN E. ROSENFELD, P.C.
19        Attorneys for Defendant V. Cadena
     BY:  STEVEN E. ROSENFELD
20   ADAM S. HALL
21
22
23
24
25
```

```
 1              (Case called)

 2              MR. MEYERS:  Good afternoon, your Honor.

 3              Jonathan Meyers, for the plaintiffs.

 4              THE COURT:  Good afternoon.

 5              MR. ROSENFELD:  For the defendant Vidal Cadena, Steven

 6    Rosenfeld and Adam Hall.

 7              MR. SIGDA:  Eric Sigda, from the law firm of Greenberg

 8    Traurig.

 9              THE COURT:  Great.  You may be seated for purposes of

10    this conference.  Feel free to remain seats when you address

11    the Court.

12              I appreciate and I apologize for this morning.  We had

13    an electronic glitch.  Although the minute entry was entered.

14    It didn't transfer over to my actual electronic calendar, so we

15    did not have this matter on our calendar, unfortunately.  But

16    we're to make sure that that doesn't happen again with some

17    additional checks and balances I guess so the computer is

18    infallible.

19              So the parties are here based upon my request for

20    supplemental briefing.  So let me review for are the parties

21    what documentation I currently have.  I have the plaintiff's

22    supplemental brief dated April 9, the defendant's supplemental

23    brief dated -- well, April 18 is the date it was served and it

24    was filed on the 18th and then I have the reply of the

25    plaintiff which was filed on the 21st.
```

1              MR. HALL:  Very briefly, your Honor, we filed a

2    corrected supplemental because of a typographical error

3    referring to 4A when we meant to refer to 4M.

4              THE COURT:  That's correct, yes.

5              So those are the documents that I have and obviously

6    I've got the prior briefing that was done in the matter also.

7              MR. MEYERS:  If I may, judge?

8              THE COURT:  Sure.

9              MR. MEYERS:  In addition to the plaintiff's

10   supplemental brief on 4/9 there was also declaration of

11   counsel.

12             THE COURT:  Yes.  There's a declaration from

13   Mr. Meyers dated April 9.

14             MR. HALL:  And there's a supplemental declaration from

15   Mr. Cadena as well on ECF 55.

16             THE COURT:  OK.  So now as I understand it, there are

17   I guess two main issues relating to the filing of the complaint

18   and the amended complaint.  As to the Cadena defendants and

19   I'll adopt for purposes of this proceeding I'll adopt that for

20   the defendants other than Mr. Marin that they were served with

21   the initial complaint within the 120 days that -- so the issue

22   is, for them is whether or not the amendment was appropriately

23   filed and served.  The -- excuse me -- the amended complaint

24   was appropriately filed as to them.

25             From the declaration of Mr. Meyers I understand that

E4UAAOYOA                           Argument

1    those defendants have indicated that they were not going to

2    seek to move to dismiss and that they would proceed, would

3    answer the amended complaint.  I think on that basis -- and

4    also quite frankly, on the basis that as to those defendants

5    they had been proceeding as if the amended complaint had been

6    validly filed and responding to discovery and other things.  So

7    even if there had not been that agreement I would find that it

8    would be appropriate to -- I am not sure if it would be good

9    cause would have been shown but basically there was a waiver as

10   to those defendants with regard to the 120 days.

11            Mr. Hall, did you want to speak to something?

12            MR. HALL:  No.  I was just moving the microphone, but

13   as the Gabriela Cadena defendants I have no position.

14            THE COURT:  OK.  All right.  So that leaves the

15   remaining issue with regard to Mr. Cadena or Mr. Miranda.  I

16   don't know what -- and as to him the initial complaint as I

17   understand it was although filed was never, service was never

18   even attempted as to Mr. Marin.

19            The amended complaint -- and again putting the service

20   issue aside for the moment -- would have been served outside of

21   the 120 days from the date of the initial filing of the

22   complaint, which my understanding is the date from the case law

23   that's been cited is the initiation of the action that begins

24   the 120 days.

25            So under Rule 4 that leaves sort of two options.

1    There is a motion I believe by Mr. Marin to dismiss the

2    complaint as to him before me.  And I can either dismiss it at

3    this stage without prejudice or order that service be made

4    within a specified time period.

5         There are a couple of issues I want to discuss with

6    counsel related to that.  I think before I go any further, I

7    think the fact that the under any way you count it, the more

8    than 120 days had passed from the time period of the initiation

9    of the action to the time period that Mr. Marin was arguably

10   served.  I think that that fact either through dismissal or

11   even if I grant more time that that alleviates the issue of

12   service.  In other words, the briefing that was done with

13   regard to service is no longer an issue because I think it's

14   basically a moot point because the 120 days had elapsed.  In

15   other words, any way you cut it Mr. Marin has to be served

16   again.  The issue is whether or not I extend the time for

17   service or dismiss and then therefore another complaint needs

18   to be filed and then served.

19        I guess I'll hear from the parties as to their

20   position.

21        Mr. Meyers, you first and then I'll hear from the

22   defendants.

23        MR. MEYERS:  Sure.  My inclination and what I would

24   argue for is to get some more time to serve Mr. Marin because

25   ultimately one way or another plaintiffs are going to be

E4UAAOYOA                         Argument

1    looking to him as one of the parties allegedly responsible.  So

2    for my purposes it just seems to me more efficient, less time

3    effort and money and expense that needs to go into it to extend

4    the time-served in this case rather than go out, file another

5    complaint, file another filing fee and then I could even see

6    that down the road a motion to try to consolidate those cases.

7    So my view is just sort of do it more efficiently.

8         THE COURT:  Let me raise certain points that I think

9    for the parties to consider.  One is although the service part

10   of the motion to dismiss has been mooted, I believe that

11   Mr. Marin had moved to dismiss based on lack of personal

12   jurisdiction also.  So again, to the extent that there is a

13   deficiency in the complaint with regard to personal

14   jurisdiction the extension of time wouldn't necessarily cure

15   that.  Again, I not preliminarily looked at.  I can't tell you

16   how I will rule on that but there have been certain issues

17   raised by Mr. Marin related to that.  So that's an issue for

18   you to consider.

19        The other issue to consider -- and I don't know what

20   is -- whether the dismissal -- well, there are actually now

21   that I think about it, it may -- you know, the dismissal would

22   mean you are starting all over again and I don't know whether

23   there are any statute of limitations issues and I know that

24   there are allegations that the violations of statute were

25   willful which I think would mean a three year statute of

1    limitations but otherwise it would be two.  I know some of pay

2    periods were in 2011.  I don't know what exact impact that

3    would necessarily have but I am raising the issue so you can

4    consider it.  I can tell you -- well, why don't I hear from the

5    defense.

6              MR. HALL:  Thank you, your Honor.  Under Rule 4M you

7    have, as you indicated, you have the ability to extend.  The

8    case law interpreting your discretion falls in two different

9    options.  One, you must extend if you find good cause.

10             THE COURT:  Yes.

11             MR. HALL:  Notwithstanding whether or not there's good

12   cause you can extend in the exercise of your discretion and I'd

13   just like to spend just a minute going over both of those.

14   Because counsel raises the issues of expense, well, we have

15   gone to a huge expense addressing the alleged service that was

16   made here.  And I understand that it's moot but when we're

17   weighing the expense of starting again we should also weigh the

18   expense that Mr. Marin and Mr. Cadena as we call him incurred

19   in fighting the service issue.  And so it doesn't just

20   automatically go to his benefit.  We've incurred significant

21   expense as well attacking the improper service.

22             But on the good cause the courts, this Court in Cobalt

23   Multifamily Investors and in Six for Justice articulated the

24   standard for good cause and it says good cause typically exists

25   only in exceptional circumstances where the failure to serve in

1    a timely manner results --

2          THE COURT:  Mr. Hall, I might be able to circumvent

3    there but I don't believe -- and I am willing to hear from

4    Mr. Meyers -- but I don't believe good cause has really been

5    shown here with regard to Mr. Marin.  So I appreciate -- so,

6    why don't you start from that vantage point.

7          And Mr. Meyers, if you want to I'll let you speak

8    after I hear from Mr. Hall on the second point.

9          MR. HALL:  So if there is no good cause and we just

10   deal with your good -- let me cite to the Bacall case which is

11   Bacall v. Embassador Construction, also out of this court from

12   1995.  In Bacall I don't believe broke it out between good

13   cause and just a generic discretion but Bacall said that if the

14   plaintiff can provide no reasonable excuse for the failure to

15   make timely service, the fact that re-institution of action

16   would be barred by a statute of limitations.  The question your

17   Honor just asked is not by itself a reason to deny a motion to

18   dismiss.  So your Honor should consider Bacall the statute of

19   limitations factor but it's not all by itself.

20          The questions and they come up through there are four

21   factors that the courts have articulated.  The first is the

22   expiration of statute of limitations.  Bacall says you can't

23   solely consider that.  The next one is whether the defendant

24   had actual notice of the claims.  In most of the cases that

25   either of us have cited for this extension whether there's good

1   cause or just discretionary, the defendant proceeded or acted

2   and had actual notice.  Here, there's no allegation that we had

3   actual notice and we didn't.

4           This third element whether we attempted to conceal

5   defects and service --

6           THE COURT:  Just with regard to that --

7           MR. HALL:  Yes, sir.

8           THE COURT:  -- are you saying that Mr. Marin never had

9   conversations with his daughter?  I know there are no

10  allegations of actual notice but never had conversations with

11  his daughter that a lawsuit had been filed against her and some

12  of the corporate entities relating to wages?

13          MR. HALL:  As an officer of the court, I don't know

14  the answer to that question.  However, the cases that address

15  whether defendant had actual notice are not in the context of

16  whether the parties talked about it but it's in the context of

17  actual litigation activity.

18          THE COURT:  Understood.

19          MR. HALL:  So that's the best I can do.

20          THE COURT:  I just want to be clear.  I wanted to make

21  sure that I understand that with regard to notice from the

22  standpoint of service of the complaint and adequacy of that.  I

23  just wanted to make sure that you weren't saying that he had,

24  that you were saying that he had absolutely no knowledge of it.

25  And I am not sir saying you saying that he did.  You just don't

1     know one way or another with regard to let's say the nonlegal

2     aspect of what the notice might be.

3              MR. HALL:  That's right.  I don't know the answer to

4     that question.  And then the last factor which is whether

5     defendant would be prejudiced by the extension.  Well, here

6     what we have is -- oh, and the -- and I am going to

7     mispronounce it is Cioce case spelled C-I-O-C-E, Southern

8     District of New York and then it went up to the Second Circuit

9     which affirmed the dismissal found that there's no prejudice

10    where the case would be dismissed for other reasons as well and

11    here we do have those other reasons.

12             We have the personal jurisdiction attached, which I'm

13    not going to talk about unless your Honor wants to hear it.  We

14    also -- and your Honor didn't indicate but we do have a

15    12(b)(6) motion pending as well.  But the prejudice that

16    they're talking about is often in the sense of faded memory

17    over time and things like that.  Candidly, we don't know.  They

18    have not attempted to demonstrate that there is no prejudice.

19    And respectfully, the burden is on them to meet affirmatively

20    these four factors, not on us to disprove them.  And obviously,

21    we have the money side which can be considered as a prejudice.

22    We have been here twice, substantial briefing.  And we would

23    simply submit as far as the normal discretion that your Honor

24    should because of the personal jurisdictional issue, because of

25    the service even though it's minimal, the best course is for

1    them to simply start again.  And the only thing they have in

2    their favor is whether or not the statute of limitations

3    expires.  And Bacall says you can't just look at that alone.

4              THE COURT:  Mr. Meyers?

5              MR. MEYERS:  Sure.  Thank you, your Honor.

6              Well, I would say this, I certainly don't believe

7    there's been any prejudice to the defendants.  In fact we've,

8    myself and Mr. Sigda, who represents the other defendants, made

9    the point of sort of putting off doing depositions until we

10   find out what the status is of Mr. Marin-Cadena who is going to

11   be in the case or not.  So I don't think there would be any

12   more prejudice than if we were to start a new lawsuit next week

13   or next month and go through the same discovery process, it

14   wouldn't be any different.  So I don't think there's anything

15   in terms of prejudice.

16             In terms of notice to Ms. Marin again, I don't know

17   what notice he did or didn't have of the lawsuit but,

18   ultimately, one way or another this lawsuit is here.  The

19   controversy exists and one way or the other he's going to be

20   brought into it.  So kind of my view is if one way or another

21   he is going to be brought into it anyway, I just don't know how

22   compelling those arguments are.

23             THE COURT:  Here, this is just a practical issue for

24   you Mr. Meyers.  Because there is pending and I had forgotten

25   about the 12(b)(6) aspect of the motion, but there is the

E4UAAOYOA                    Argument

 1    aspect of personal jurisdiction also.  So assuming I exercise

 2    my discretion and grant you more time to do the service, the

 3    issue then becomes that those same motions I think will either

 4    be filed or more likely just will ask me to apply those

 5    portions of the motions to whatever complaint gets served.

 6            To the extent that they have raised issues that are

 7    real issues, in other words, that I would look at it and make a

 8    determination and I would say and I think I said this the last

 9    time that although there may be allegations in the complaint

10    that go to try to demonstrate that Mr. Marin was an employer

11    under the FLSA, those same -- although they're similar, they

12    are not pro-extensive with determination of personal

13    jurisdiction as I understand it.  So what could happen -- and

14    again, I am not saying this necessarily would but you're on

15    notice that there are certain things that they are claiming

16    that are deficient as to your complaint.

17            If later on I agree with them on either the personal

18    jurisdiction or on the 12(b)(6) issue and the 12(b)(6) I don't

19    remember how many counts there are but that could mean you may

20    need to basically file again which would also mean I think that

21    there would be further statute of limitations questions.

22    Although, again, if you have if it's willful you know three

23    years if not otherwise.  So you know, so those are sort of

24    just -- and part of that is sort of just strategic

25    considerations for you as to your, as to the pleading that you

1    want to move forward on.

2            You know I do think -- and I would like you to address

3    some of issues that Mr. Hall raised with regard to whether or

4    not I should exercise my discretion in this case.

5            MR. MEYERS:  Sure.  Yes, your Honor.  And I agree you

6    have discretion.  Quite frankly I think the other points in

7    terms of discretion that I did mention earlier was well in

8    terms of has there been any deceptive action or action taken on

9    the part of Mr. Marin Cadena to hide service issues or things

10   like that.  No, I would -- obviously that hasn't happened.

11   We've met this head-on right away.  But by the same token as

12   soon as the issue of service was raised and I am specifically

13   talking about the amended complaint that was raised for the

14   first time to my understanding was when you were here on April

15   2nd.  So of course, I took immediate action right after our

16   conference electronically filed and so it would be out there

17   and at least arguably served.

18           So I think between that and what I addressed earlier I

19   think that those are factors that the Court can use to exercise

20   its discretion in favor of the plaintiffs being able to keep

21   Mr. Marin in this case.

22           THE COURT:  Mr. Meyers, just -- and I apologize for

23   interrupting -- but there is another issue which I think and I

24   don't remember.  I've got the transcript here.  I didn't read

25   all the way through it.  I didn't read the beginning.  But I

1   may have said this about the motion to dismiss, that to the

2   extent that they've, the defendants have raised valid issues

3   with regard to the pleading itself that the time to make a

4   decision about what you are going to do with the complaint is

5   before I issue a decision.  So if in fact we proceed on the

6   path where I exercise my discretion and you serve Mr. Marin and

7   the service whether it's good or bad or whatever, I assume that

8   there's going to be a re-initiation of the motion.  And if I

9   grant it -- and in other words, if I find that there is a lack

10  of personal jurisdiction alleged sufficient in the complaint or

11  that the 12(b)(6) portion of the motion is valid, you know a

12  subsequent motion to amend on behalf of your clients, you would

13  have to show good cause for not amending.

14       MR. MEYERS:  Sure.  Your Honor, I would say this.  I

15  think I knew enough from the last time that we were here what

16  the issues are that Mr. Marin Cadena is raising.  And either

17  way, to the extent that your Honor says we should go forward in

18  this case, I would amend the complaint to address those issues

19  is try to head off a motion.  And likewise, if you were to say

20  you're dismissing him from the case without prejudice if I

21  refile I already know the same thing I would put in that new

22  action to address those issues.

23       THE COURT:  Although I get -- here is the issue with

24  that though.  To the extent I am extending the time for you I

25  think I'd be extending the time as to the pleading as it stands

now.  In other words, the amended complaint that, where service

was attempted or made, I don't know how to describe it but

where the complaint that standing that is in existence right

now.  So I don't think it would -- and I'll hear from you on

this but I don't think the extension means that you can then

amend and it's -- cause it's sort of like you are having it

both ways then.  So I think you have to, if you are going to --

in other words, if your thought process is you know, I am going

to amend to try and clean some of these things up.  I don't

think you would be able to do it if I exercise my discretion.

And so the way to do it is if I dismiss the complaint, you know

you refile.  And again, I don't know how it would look whether

you refile and it would be a complaint and whether it would be

solely against Mr. Marin and then we would consolidate.  In

other words, they'd be exactly the same and then you would do a

consolidated complaint which would add the -- allegations that

you intend to add and/or allegations that you believe bolster

your claim so that they wouldn't be subject to 1B6.

        We were in chambers thinking about this and just as

the issue of the 120 days had not -- I believe it hadn't

occurred to the parties only when we started talking about it

that it occurred to me that there may be an issue there and lo

and behold there was something there.  So I'll hear from you

with that in mind.

        MR. MEYERS:  Sure, your Honor.  The greater concern to

1   me is to address those pleading issues with respect to

2   Mr. Marin Cadena.  So I am less concerned about the statute of

3   limitations.  I would prefer to have the option to add to my

4   complaint or come up with a new complaint that has enhanced

5   details about Mr. Marin Cadena's involvement.

6           THE COURT:  Yeah.  OK.  I'll hear from Mr. Hall or any

7   of the other defense counsel.

8           MR. HALL:  I was about to say something and I am not

9   sure whether I need to because it sounds like Mr. Meyers is

10  conceding that he does no longer want you to extend service

11  because you've given him the choice either extend and proceed

12  on the existing complaint as dismissal with prejudice.

13          THE COURT:  It certainly could be because he would

14  have to show good cause as to why he should be able to amend

15  when I gave him the opportunity.

16          MR. HALL:  Exactly.  Or amending starting anew and

17  amending.  But your Honor, I just want to refresh and, your

18  Honor, indicated you hadn't had a chance to get through the

19  entire transcript so I am going to go right to the point of

20  when you had that discussion.  It's at page 31 and 32 of the

21  transcript.

22          THE COURT:  I usually do.  So I thought that I did and

23  I just wanted to, again, I think I am right about the extension

24  point that he couldn't just amend because that would, then it

25  would vitiate the rule basically.

1           MR. HALL:  The other point I wanted to make in

2      assuming Mr. Meyers still is asking you to extend the date for

3      service.

4           THE COURT:  Why don't we -- as I heard you,

5      Mr. Meyers, you would -- and again it's still in my discretion

6      but if you had your druthers you would say dismiss.  I'll start

7      from square one with regard to Mr. Marin.  Do what I need to do

8      to clean that up, and file it and consolidate or however

9      procedurally it would go later on.

10          MR. MEYERS:  Yes, judge, to make that clear based on

11     what we've discussed it's yes.

12          THE COURT:  OK.  So I mean I think what I intend to do

13     let me ask and this is where do things stand as far as -- I

14     know that no depositions have occurred but where do things

15     stand as far as paper discovery and other discovery.

16          MR. MEYERS:  Sure, your Honor.  Mr. Sigda and I spoke

17     a week ago about this because you had said that you really

18     don't want to have real discovery disputes coming before the

19     Court.  There is in plaintiff's view discovery we still need

20     from defendant.  We still didn't get defendant's interrogatory

21     answers but there are some discrete -- and Mr. Sigda said that

22     he is working on it and he is going to get that -- but there

23     are a handful of issues where I think we do have an actual

24     dispute where we say we want these categories of information

25     and they say they're going to resist that.  So I think we know

1    or we're close to knowing what those are and then obviously it

2    would be depositions.

3            THE COURT:  All right.  So if there are disputes look

4    at my individual rules, a letter sort of outlining the disputes

5    and we can deal with those probably in a telephone call and we

6    solve those prior to the next time we meet.  I think that -- so

7    I will dismiss the complaint as to Mr. Marin.

8            Mr. Meyers, as to filing and getting service done I

9    was going to give you a month to do that.

10           And so between now and then I'd like the parties to

11   meet and confer, crystallize to the extent there are any

12   disputes with regard to the Gabriela Cadena defendants

13   discovery disputes that I can rule on between now and then I'd

14   like to do that so that at least we have that out of the way.

15           Yes, Mr. Meyers.

16           MR. MEYERS:  Your Honor, do you want the discovery

17   disputes to go to you or the magistrate judge?

18           THE COURT:  I think they should go to because it was

19   referred to Magistrate Judge Francis I think for general

20   pretrial before I got the case, I think you should since he is

21   more familiar with I think the discovery issues it should go

22   before him.  He had sent the case up to me when it was the

23   subject of dispositive motion practice.

24           Well, you know what?  Come to me.

25           Ms. Santiago, you should make a note that to the

1    extent we need to that we'll withdraw the reference with regard

2    to general pretrial from Magistrate Judge Francis and we'll

3    just handle it going forward.  Just come to me and I'll make a

4    ruling rather than having to go back to Magistrate Judge

5    Francis and get a schedule and the like.

6          Although let me ask this question.  Are these the

7    issues that you believe may be in dispute?  Are they issues

8    that Judge Francis has already been asked to rule on some

9    aspect of them?

10         MR. MEYERS:  No.

11         THE COURT:  OK.  So why don't you just come to me.  I

12   think that makes the most sense.

13         Mr. Hall.

14         MR. HALL:  Yes, your Honor.  You have the ability to

15   direct that service be made in a particular manner and I would

16   like to ask that your Honor preclude the plaintiffs from

17   attempting service upon the apartment that we have submitted

18   evidence the affidavit is not Mr. Marin's address.  I don't

19   want to go through that issue again.

20         THE COURT:  I understand your request.

21         MR. HALL:  It may be novel but --

22         THE COURT:  No.  I think that to the extent Mr. Meyers

23   wants to go that route he is running the risk you know and that

24   risk is that it'll be again dismissed when he's had already

25   preview of what the issues were and the benefit of also the

1   affidavits that have been filed here.

2              MR. HALL:  Then would your Honor direct counsel to

3   once he believes service has been made to communicate to

4   Mr. Cadena Marin's counsel, us, that they believe service has

5   been made at where ever and give us the affidavit of service

6   because I don't want to be in a default situation where they

7   make a service on a doorman like they did before and we don't

8   know about it.

9              THE COURT:  Well, I am just thinking initially when we

10  serve a complaint don't you typically file the affidavit of

11  service on ECF?

12             I don't know whether, Mr. Hall, whether you are on

13  ECF.

14             MR. HALL:  I am now.

15             THE COURT:  I think that will provide --

16             MR. HALL:  Fair enough.

17             THE COURT:  Mr. Meyers?

18             MR. MEYERS:  Sure, your Honor.  Just so I am clear, is

19  it your ruling today that you want me to file the new action

20  and serve Mr. Marin Cadena within a month of today?

21             THE COURT:  That's correct.

22             MR. MEYERS:  OK.  The only concern that I have with

23  that is that I still don't know what Mr. Marin's current

24  address in Florida is, so if the New York apartment is out

25  which maybe it is, then I still have to get discovery responses

1    from the Gabriela Cadena defendants about what his current

2    location is unless counsel wants to accept for him which I

3    guess not but --

4            THE COURT:  Let me ask because I think under normal --

5    let me -- again, I haven't seen the discovery requests.  I

6    don't know what they -- but under normal circumstances I am not

7    sure that those, exactly what the relevance of those discovery

8    requests would be.  In other words, I understand that you want

9    to -- I mean it may be -- well, actually, now I actually can

10   think of it.  You may be wanting to identify potential people

11   with knowledge so that you can proceed with discovery against

12   them.

13           The other question I would have, because in the normal

14   circumstance if you were having difficulty with service I would

15   make a determination as to whether or not what attempts you had

16   made to determine where he lives in Florida.  What efforts have

17   you in fact made?

18           MR. MEYERS:  Sure.  At this point we have not

19   attempted to serve him in Florida.  The only information I have

20   is a last known Florida address which now I know is no longer

21   where he lives but --

22           THE COURT:  OK.  I am not sure, are you asking for

23   more than four weeks?

24           MR. MEYERS:  Yes, judge, I am.

25           THE COURT:  OK.  How much time would you request?

1          MR. MEYERS:  I would request 60 days and I would

2     also -- I know this is sort of maybe getting ahead of things

3     but since I know one of the discovery issues that is bringing

4     before the Court unless we can resolve it with Mr. Sigda is I

5     need an answer to my interrogatory, mostly the interrogatory

6     answer about where is Mr. Cadena's, where is he now?

7     Presumably, his daughter would know.  I'd really want to get an

8     answer to that interrogatory before -- as soon as possible.

9     It's overdue.  So that's something I would like to have.  If I

10    could have that -- I don't know why that wouldn't be something

11    that I could get within like the next week or two.

12         THE COURT:  Why don't you meet and confer with regard

13    to that issue and those discovery requests.  Do that within a

14    week and basically I expect you to know what the issues are, in

15    other words, where there's disagreement and then send me a

16    letter outlining those disagreements and I can rule on those

17    issues to the extent that you haven't been able to resolve

18    them.  I'll give you the 60 days and I think you should be able

19    to complete everything in that time period because I will hear

20    you fairly quickly once I get the letter.

21         Mr. Hall.

22         MR. HALL:  It just occurred to me that because of the

23    dismissal and he has to refile against Mr. Cadena Marin he's be

24    getting a new case number and we won't have appeared -- so can

25    counsel be directed to send us a courtesy copy of the affidavit

```
 1    of service once service has been purportedly made?

 2                MR. ROSENFELD:  He should certainly serve you as well

 3    as, your Honor.

 4                MR. MEYERS:  I would agree to that regardless of

 5    whether you're directing me.

 6                THE COURT:  Ms. Santiago, 60 days from today.

 7                MR. SIGDA:  Judge, as to the Cadena defendants,

 8    Gabriela Cadena defendants, just some clarification, can we

 9    have from like two weeks from when he files the new complaint

10    to answer rather than going through and answering the current

11    complaint and getting the new complaint and seeing what the new

12    complaint says and then answering that complaint.

13                THE COURT:  That's fine.  Actually, what I'll propose

14    is this perhaps, Mr. Meyers, when you do the complaint for

15    Mr. Marin, you file an amended complaint that looks exactly

16    like the Mr. Marin complaint but contains the additional

17    allegations with regard to the 12(b)(6) issue and the personal

18    jurisdiction issue.  The only difference will be that one

19    caption will just have Mr. Marin.  The other will have all of

20    the other defendants.  And in that way you'll have what the

21    current version is, so we don't have to go through

22    consolidation later on and I think that would be just a

23    needless exercise.

24                MR. SIGDA:  The other thing I would request is we held

25    off on depositions pending termination --
```

1          THE COURT:  That's fine.  I am not happy about that

2     but that's fine because I wanted to move the case forward.  But

3     I think that does make sense because what I also don't want to

4     have happen is for depositions to very occur, for Mr. Marin to

5     come in and assuming the service and everything is OK, for him

6     to say you know I didn't have an opportunity to defend these

7     depositions, I would have asked some questions.  And I don't

8     want to have to then go through that process again of I think

9     it's a needless expense for the parties and you know I'd rather

10    just do it once and the case isn't that old that I am that

11    concerned about the delay.

12         MR. MEYERS:  Just so I am clear on what I am filing,

13    so that I am really filing two complaints, one will be a

14    separate complaint solely against Mr. Marin Cadena with a new

15    docket number and simultaneously I guess a second amended

16    complaint in the case we currently have that has mirrors as the

17    same factual allegations.

18         THE COURT:  I think so.  I mean in the end this is the

19    first time this has come up for me where you have a situation

20    like this.  But I think you do have to basically file a new

21    case as to Mr. Marin because I am dismissing the current one.

22    So I don't think you could treat it as if he was never named in

23    the current action and merely then serve that one.  I don't

24    believe -- again, I am willing to hear you on that.  You know I

25    haven't actually researched exactly how as a matter of process

E4UAAOYOA                        Argument

 1    that would be done but I think that's the way I would suggest

 2    proceeding.

 3              MR. MEYERS:  One thing I would ask is for me to file

 4    the second amended complaint against the existing defendants in

 5    our existing case just so that I don't get a bounce back from

 6    the clerk's office, I don't know if you are going to make an

 7    order on ECF as a result of today's proceeding, but if it's

 8    possible to put something in there that you're giving me

 9    permission to file that second amended complaint.

10              COURTROOM DEPUTY:  Yes.  In the minute entry I'll put

11    that you have leave for permission to file the second amended

12    complaint.  So if you have any issues with filing and the

13    clerk's office rejects it you can call me and then I can keep

14    the case open.

15              MR. MEYERS:  Thank you.

16              MR. HALL:  Judge, the only comment I'd like to add and

17    procedurally I don't know how to do it is obviously that new

18    complaint we want to be before your Honor as opposed to a

19    different judge who doesn't know anything about the case.

20              THE COURT:  Mr. Meyers, I believe when you filed it

21    you should mark the matter as related to this case.  It will

22    then be -- the clerks will then send me a notification that a

23    case has been filed that's indicated that's related to another

24    case.  Then internally there's a committee that considers that

25    here other judges.  I would do what I need to do internally and

E4UAAOYOA                          Argument

 1  I can't imagine but I imagine the case will then just be, it

 2  will be transferred here to me as related to the currently

 3  pending case.

 4             MR. MEYERS:  OK.

 5             THE COURT:  So 60 days, Mr. Meyers, to both file the

 6  new case for lack of a better term against Mr. Marin and the

 7  second amended complaint against the other defendants.  Within

 8  a week I expect the parties to meet and confer as to the

 9  outstanding discovery issues and that can be over the phone.

10  It doesn't have to be in-person, obviously.

11             MR. ROSENFELD:  Your Honor, the question on it with

12  respect to discovery insofar as the many Cadena defendants are

13  current, we aren't really involved at this point.

14             THE COURT:  That's correct.  Discovery just with

15  regard to the defendants who would currently be it.  So it's

16  the Gabriela Cadena defendants.

17             MR. HALL:  Just a moment ago, 60 days to file, I think

18  you mean 60 days to file and serve.

19             THE COURT:  That is correct.  So meet and confer

20  within a week.  If there continues to be a dispute I'd like to

21  get a letter by Monday, a week from this coming Monday,

22  Ms. Santiago.

23             COURTROOM DEPUTY:  May 12.

24             THE COURT:  So by May 12 I'd like to get a letter

25  consistent with my individual rules on discovery disputes.  And

E4UAAOYOA                           Argument

1   in the meantime if we need to withdraw the referrals we'll take

2   care of that.

3               COURTROOM DEPUTY:  The 30 days would be June, I mean

4   the 60 days.

5               THE COURT:  60 days is June 30 to serve and file.  Is

6   there anything else that we need to deal with today?

7               MR. HALL:  Not for us.

8               MR. ROSENFELD:  Not for us.

9               MR. SIGDA:  No, judge.

10              THE COURT:  Mr. Meyers?

11              MR. MEYERS:  No, judge.

12              THE COURT:  So we will stand adjourned.  Thank you

13  very much for coming in.

14                              (Adjourned)

15

16

17

18

19

20

21

22

23

24

25